J-S62009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD FRANKLIN KROH | |
| Appellant | No. 166 MDA 2016 |

Appeal from the Judgment of Sentence December 14, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005974-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 19, 2016**

Richard Franklin Kroh ("Appellant") appeals from the judgment of sentence entered in the Berks County Court of Common Pleas following his bench trial convictions for driving while operating privilege is suspended or revoked in violation of 75 Pa.C.S. §§ 1543(b)(1.1)(iii) and 1543(b)(1).  We affirm.

In its opinion, the trial court accurately and fully set forth the relevant facts and procedural history of this case; therefore, we have no reason to restate them.  *See* Pa.R.A.P. 1925(a) Opinion, filed April 4, 2016, at 1-3 ("Opinion").  Appellant raises the following issues for our review:

> WHETHER THE EVIDENCE PRESENTED IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT AGAINST THE APPELLANT FOR THE CRIME OF DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED FOLLOWING A [DRIVING UNDER THE INFLUENCE ("DUI") OFFENSE], BECAUSE THE COMMONWEALTH FAILED TO PROVE A

REASONABLE DOUBT THAT THE APPELLANT WAS DRIVING, OPERATING, OR IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENT OF THE MOTOR VEHICLE WHILE INTOXICATED?

WHETHER THE EVIDENCE PRESENTED IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT AGAINST THE APPELLANT FOR THE CRIME OF DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED FOLLOWING A DUI, BECAUSE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT PROBABLE CAUSE EXISTED FOR A VIOLATION OF A [DUI] OFFENSE, WHICH IS NECESSARY FOR A REFUSAL OF CHEMICAL BLOOD TESTING UNDER PENNSYLVANIA'S IMPLIED CONSENT LAW TO BE PUNISHABLE?

WHETHER THE VERDICT OF GUILT AGAINST THE APPELLANT FOR DRIVING WHILE OPERATING PRIVILEGE SUSPENDED FOLLOWING DUI IS CONTRARY TO THE WEIGHT OF THE EVIDENCE PRESENTED, WHERE THE TESTIMONY PROVIDED SHOWED A LACK OF REASONABLE GROUNDS TO FIND THE APPELLANT WAS UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE OR THAT HIS BLOOD ALCOHOL CONTENT WAS .02% OR GREATER AT THE TIME OF DRIVING, OPERATING, OR BEING IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENT OF THE MOTOR VEHICLE?

Appellant's Brief, at 6-7.

Appellant challenges the sufficiency and the weight of the evidence against him for his aforementioned convictions. Specifically, he claims that, because the trial court dismissed the DUI charge against him after a pre-trial hearing, the evidence was insufficient to support his convictions for driving while operating privilege is revoked, and that the court's verdict was against the weight of the evidence. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted under the following statute:

> **§ 1543. Driving while operating privilege is suspended or revoked**
>
>             \*    \*    \*
>
> **(b) Certain offenses.--**
>
> (1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the

person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

(1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite ***or who refuses testing of blood or breath*** and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543 (emphasis added).

We review challenges to the weight of the evidence as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may

only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

> *Commonwealth v. Small*, 741 A.2d 666, 672–73 (Pa.1999) [*cert. denied*, 121 S.Ct. 80, 148 L.Ed.2d 42 (U.S.2000)]. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa.2012) (some internal citations omitted).

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa.Super.2014). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.* Instead, the trial court must examine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* Only where the jury verdict "is so contrary to the evidence as

to shock one's sense of justice"[1] should a trial court afford a defendant a new trial. *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John A. Boccabella, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. *See* Opinion at 6-7 (finding evidence sufficient to support Appellant's convictions and verdict not against weight of evidence where officer testified that: he responded to a call of erratic driving, observed Appellant park and exit vehicle, observed Appellant return to vehicle five minutes later, stumbling, smelling of alcohol and having difficulty opening door to vehicle, Appellant later refused to submit to chemical testing, and Appellant's license was suspended following a DUI offense). Accordingly, we affirm on the basis of the trial court opinion.

---

[1] When "the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa.Super.2007) (internal citations omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
          Appellee : OF BERKS COUNTY, PENNSYLVANIA
        v. : CRIMINAL DIVISION
         :
RICHARD FRANKLIN KROH, : No. CP-06-CR-5974-2014
          Appellant : Superior Court No. 166 MDA 2016
         : BOCCABELLA, S.J.

John T. Adams, Esquire, DA, for the Commonwealth
Rachel Lok Keung, Esquire, Assistant District Attorney, for Appellant

**MEMORANDUM OPINION, Boccabella, S.J.**　　　　　**Dated: April 4 , 2016**

Richard F. Kroh (hereinafter "Appellant"), appeals from the judgment of Sentence entered on December 14, 2015 in the above captioned matter.

### I.　　FACTUAL HISTORY

On December 4, 2014, officers from the Reading Police Department responded to a call for a reckless driver, at around 7:09 pm in the area of the 300 block of Penn Street in Reading, Berks County, Pennsylvania. About five or six minutes later, Officer Francis Contrera, called in as back-up for Officer Daniel White, received a dispatch of where the driver was and where the vehicle was driving. Officer Contrera was in the 600 block of Penn Street, driving west. Dispatch said the vehicle was now in the 400 block of Franklin Street. The Officer was right there in the 400 block driving west when he saw the vehicle described by dispatch - a gold sedan that was coming west. Officer Contrera started watching what this driver was doing. He saw the vehicle parking into an open parking space in the 400 block of Penn. Then Officer Contrera saw the man exit the front driver side of the vehicle, close the door, walk toward the sidewalk and continue walking west. Officer Contrera parked his police car behind the gold sedan; dispatch gave the officer the plate number and other information. About five minutes later, Officer Contrera saw the same man, with the same colored jacket and hat, who had exited that vehicle

from the driver's side, walk back to the vehicle. Officer Daniel White then approached the man who had been driving the gold sedan; the license plate number of the sedan matched the number given by dispatch. Appellant was identified as the driver of the sedan in question. (Notes of Testimony, 11-6-15; Commonwealth's Exhibit 3, Omnibus PreTrial hearing, 5-5-15, pp. 3-8, 15). Officer White observed the man stumbling as he approached the vehicle. The man appeared to have difficulty putting the key in the lock. Officer White asked the man if he could talk to him; the man was very hostile and didn't want to talk to him. Before the Officer was even able to speak to him, and from approximately six feet away, Officer White could smell the strong odor of alcoholic beverages. The man's clothes were in disarray; he was unsteady on his feet, having difficulty even focusing. His eyes were having trouble tracking and he appeared to be intoxicated. The man was belligerent. Appellant was arrested for officer safety and for suspicion of driving under the influence of alcohol. He threatened to assault the officer if his cuffs were removed. (Id. pp. 17-19). It was also discovered that he was driving under suspension, DUI related. Appellant knew his license was suspended at this time. Appellant was transported to the medical center for DUI testing. At the DUI center, Officer White explained the Implied Consent Law to Appellant and read the entire DL-26 form to him in its entirety. Appellant was asked if he would be willing to submit to chemical testing and sign the paperwork. He refused multiple times and again threatened to assault the officers. (N.T., 11-6-16, pp. 7-12, 18; Commonwealth's Exhibits 1 & 2; Exhibit 3, 5-5-15, pp. 19-20).

## II.    PROCEDURAL HISTORY

Appellant was charged by Criminal Information with one count of Driving under the Influence of Alcohol, in violation of 75 Pa.C.S.A. § 3802(a)(1), and one count of Driving while Operating Privilege is Suspended or Revoked, in violation of 75 Pa.C.S.A. § 1543(b)(1.1)(iii).

BERKS COUNTY
2016 APR -4 PM 12:06
CLERK OF COURTS

Defendant filed an Omnibus PreTrial Motion, which was heard on May 5, 2015. On June 30, 2015, Defendant's Petition for Writ of Habeas Corpus was granted for Count 1, Driving under the Influence of Alcohol, and denied for Count 2, Driving while Operating Privilege is Suspended or Revoked under 75 Pa.C.S.A. § 1543(b)(1.1)(iii). On November 6, 2015, by agreement of counsel, the Information was amended to include count 3, Driving while Operating Privilege was Suspended or Revoked, in violation of 75 Pa.C.S.A. § 1543(b)(1), a summary offense. On that same date, a bench trial was held and continued to December 14, 2015. Appellant was found guilty of both remaining counts, two and three, and was sentenced on count two to serve not less than two years nor more than five years in a state correctional facility, and to pay a fine in the amount of $ 5,000. [1] On December 22, 2015, Appellant filed Post Sentence motions, which were denied on January 5, 2016. On January 27, 2016, Appellant filed a Notice of Appeal to the Superior Court and was ordered to file a concise statement.

In his Concise Statement of the Errors Complained of on Appeal, Appellant asserts:

1. "The trial court erred in finding Defendant guilty for Driving While Operating Privilege Suspended following DUI, 75 Pa.C.S.A. §1543(b)(1.1)(iii), where the evidence presented at trial was insufficient to prove beyond a reasonable doubt the elements of the offense:

   a. Where reasonable grounds of driving, operating, or actual physical control of the movement of a vehicle with a Blood Alcohol Content of .02% or greater or under the influence of a controlled substance is an essential element of the offense that must be proven for a refusal of chemical testing under Pennsylvania's Implied Consent Law to be punishable under 75 Pa.C.S.A. § 1547(a)(1) and 75 Pa.C.S.A. § 1543(b)(1.1).

---

[1] Count three merged for sentencing purposes.

**b.** Where the reasonable grounds requirement at 75 Pa.C.S.A. § 1547(a)(1) requires probable cause and probable cause of a violation of a driving under the influence offense has occurred is necessary for consent or refusal of a chemical blood draw to be permissible, valid, and punishable under 75 Pa.C.S.A. § 1543(b)(1.1).

**c.** Where reasonable grounds/probable cause of a violation of a driving under the influence offense is an element of Driving While Operating Privilege Suspended following DUI, 75 Pa.C.S.A. § 1543(b)(1.1), when refusal of a chemical blood draw is the basis for the offense.

**d.** Where the evidence presented at trial and the findings of fact by the court provided no evidence that Defendant was driving, operating, or in actual physical control of the movement of a vehicle while intoxicated.

2. The verdict of guilty against Defendant for Driving While Operating Privilege Suspended following DUI, 75 Pa.C.S.A. § 1543(b)(1.1)(iii), is contrary to the weight of the evidence presented at trial, where testimony provided at trial showed a lack of reasonable grounds to find Defendant was under the influence of a controlled substance or that his Blood Alcohol Content was .02% or greater at the time of driving, operating, or actual physical control of the movement of a vehicle."

### III.   LEGAL ANALYSIS

Appellant first contends that the evidence is insufficient for Appellant's conviction under 75 Pa.C.S.A. § 1543(b)(1.1) because the officer lacked reasonable grounds/probable cause to conclude that Appellant was driving, operating or in actual physical control of the vehicle while under the influence. Appellant misconstrues this

statute by focusing on only the first part of it and not the alternative grounds. While we dismissed the charge of Driving under the Influence of Alcohol after the pre-trial hearing, that did not preclude consideration of the other two charges. While Appellant would like us to consider the dismissal of count one as a reason to also disregard the charge under § 1543(b)(1.1), the law does not compel us to do so. *See* <u>Commonwealth v. Hill</u>, 549 A.2d 583 (Pa.Super.1988), *appeal denied* 557 A.2d 721 (dismissal of Driving under the Influence of Alcohol charge at the preliminary hearing did not preclude a conviction under 1543(b)(1) as a result of a chemical test refusal despite Appellant's claim that he was denied equal protection under the law because he received the same mandatory sentence for a DUI-related suspension as a person who was actually convicted for driving while under the influence of alcohol).

The main statute at issue, *in pertinent part*, reads:

§ 1543. **Driving while operating privilege is suspended or revoked**

\*\*\*

(b) **Certain offenses.** –

\*\*\*

(1.1)(i) "A person...who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked...*because of a violation of section 1547(b)(1)...*"

75 Pa.C.S.A. §1543(b)(1.1(i)(emphasis added).

Section 1547(b)(1) states:

(b) **Suspension for refusal.-**

BERKS COUNTY, PA

2016 APR -4 PM 12: 06

CLERK OF COURTS

(1)  If any person placed under arrest for a violation of section 3208 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted…

This statute goes on to state:

> **(e) Refusal admissible in evidence.** – In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 *or any other violation of this title arising out of the same action*, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S.A. § 1547 (e)(emphasis added).

The evidence admitted at trial was sufficient to sustain the conviction for §1543(b)(1.1). Officer Francis Contrera, after receiving the dispatch of where the reckless driver was and where the vehicle was driving, was himself in the 600 block of Penn Street. Dispatch told him the vehicle was in the 400 block of Franklin Street. Officer Contrera was right there in the 400 block, driving west, when he saw this vehicle going by. Officer Contrera started watching what this driver was doing. He saw the vehicle parking into an open parking space in the 400 block of Penn. The driver was subsequently identified as Appellant. Officer Contrera was the one who saw Appellant operate this vehicle at this time, before Appellant parked the car on Penn Street. This officer also saw Appellant leave from the driver's side of the vehicle, walk away and return within a short time span of about five minutes. Officer Daniel White, after approaching the driver, observed Appellant stumbling as he approached the vehicle. From approximately six feet away, Officer White could smell the strong odor of alcoholic beverages. Appellant had difficulty putting the key in the lock. Officer White asked Appellant if he could talk to him; Appellant was very hostile and belligerent. Appellant's clothes were in disarray; he was unsteady on his feet.

He had difficulty focusing and his eyes were having trouble tracking. Appellant appeared intoxicated. Under the totality of the circumstances, the delay of merely five minutes between his parking the car and returning to it does not negate this fact. We found, as the trier of fact, that: Officer White had probable cause to request Appellant submit to chemical testing, that Appellant was properly given the implied consent warnings, and that he refused chemical testing.

As for the challenge to the weight of the evidence claim, the facts, as found by this court, clearly established that Officer White had probable cause to ask Appellant to submit to chemical testing. Appellant was intoxicated while he was driving and parking that car. Not only did our verdict not shock this Court's sense of justice, upon consideration of Appellant's prior driving record (Commonwealth's Exhibit 1), and his prior record score, and as we told Appellant at sentencing, "..., if you really consider all of the circumstances, the fact that the habeas corpus was granted on the DUI ... is somewhat miraculous that it did not end up a lot worse for [Appellant] than the way it did end up." (Notes of Testimony, 12-14-15, pp. 3-4).

## IV. CONCLUSION

As a result of the analysis above, the Court respectfully requests that Appellant's appeal be denied and the judgment of sentence, entered on December 14, 2015, be affirmed.

BERKS COUNTY, PA

2016 APR -4 PM 12:06

CLERK OF COURTS

7